UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK. CHARLESTON. SC

2006 APR -6  P 1: 40

Michael Williams,  #264957,

                   Plaintiff,

vs.

John Doe, Captain, Georgetown County Sheriff's
Department,

                   Defendant.

) C/A No. 9:06-349-HMH-GCK
)
)
)
)
) Report and Recommendation
)
)
)
)
)
)

The plaintiff, Michael Williams ("Plaintiff"), proceeding *pro se*, brings this action

pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Broad River Correctional Institution,

a facility of the South Carolina Department of Corrections (SCDC), and files this action *in*

*forma pauperis* under 28 U.S.C. § 1915. The complaint names as the sole defendant[2] an

unknown Officer of the Georgetown County Sheriff's Department.[3] Plaintiff claims false

arrest and seeks monetary damages. The complaint should be dismissed for failure to

comply with an order of this Court and failure to state a claim upon which relief may be

granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule
73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for
relief and submit findings and recommendations to the District Court.

[2] The statement of claim section of the complaint states "the defendants, both city
and county officers," which indicates multiple defendants, but the complaint only lists
one John Doe defendant of the Georgetown County Sheriff's Department in the section
listing parties. No specific names or specific identifying information of defendants are
provided in the complaint.

[3] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing,
if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil
action in which a prisoner seeks redress from a governmental entity or officer or
employee of a governmental entity."

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard,

however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, but neglected to sign the Complaint and the Statement of Assets. By order dated February 23, 2006, Plaintiff was given a specified time to provide necessary information to evaluate his case and bring the case into proper form. Plaintiff filed a response to the Court's Special Interrogatories, but did not re-file the Complaint and Statement of Assets with his signature. The plaintiff has only partially complied with the order of this Court to bring his case into proper form.



## Discussion

The order of this Court issued February 23, 2006, states:

Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper shall be signed by at least one

3

attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." The original signatures must be filed in this case.

Plaintiff has not provided his original signature on the Complaint or the Statement of Assets, although he was given the opportunity to correct the mistake. The February 23rd order allowed twenty days, plus the time for delivery via mail pursuant to Rule 6(e), for the Plaintiff to sign a copy of the signature pages and re-file the pages with his original signature. The deadline for submission of the signed pages was March 20, 2006. Plaintiff has failed to comply with Rule 11 of the Federal Rules of Civil Procedure, as well as an order of this Court, and the case should be dismissed without prejudice. See Rule 41 Fed. R. Civ. P. ("[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court...."); see also Link v. Wabash Railroad Company, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." ).

Even if Plaintiff provides the required signature pages, his complaint is subject to dismissal for failure to state a claim on which relief may be granted. To assert a claim under § 1983, the plaintiff must allege "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; See also West v. Atkins, 487 U.S. 42, 48 (1988). Under § 1983 "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998); Brooks v. City of Winston-Salem, 85 F.3d 178, 181-82 (4th Cir. 1996)(a public official cannot be charged with false arrest when he makes the arrest

4

pursuant to a facially valid warrant).     Plaintiff's Answers to the Court's Special

Interrogatories state that a warrant was issued by a judge for Plaintiff's arrest. Entry No.

5. Plaintiff claims "the defendants knew or should have known that the charges on which

the Plaintiff was arrested were based [sic] and were not true and was not based upon facts

and that the arrest and detention of the plaintiff was completely and totally without legal

jurisdiction." Complaint at 3.  This conclusory statement is not sufficient to state a claim

under § 1983 for violation of the Fourth Amendment's guarantee of the "right of the people

to be secure in their persons ... against unreasonable searches and seizures...and no

Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and

particularly describing ... the persons or things to be seized."  The complaint does not

allege the arrest warrant was not facially valid, or allege any defects in the arrest warrant

itself.  It is not the duty of the arresting officer to assess guilt or innocence, but merely to

serve the warrant.



> A reasonable division of functions between law enforcement officers,
> committing magistrates, and judicial officers – all of whom may be potential
> defendants in a § 1983 action – is entirely consistent with "due process of
> law."  Given the requirements that arrest be made only on probable cause
> and that one detained be accorded a speedy trial, we do not think a sheriff
> executing an arrest warrant is required by the Constitution to investigate
> independently every claim of innocence, whether the claim is based on
> mistaken identity or a defense such as lack of requisite intent.  Nor is the
> official charged with maintaining custody of the accused named in the
> warrant required by the Constitution to perform an error-free investigation of
> such a claim.  The ultimate determination of such claims of innocence is
> placed in the hands of the judge and the jury.

Baker v. McCollan, 443 U.S. 137, 145-46 (1979) (footnote omitted).  A police officer is

generally entitled to rely on a facially valid warrant in effecting an arrest.  Although required

to liberally construe a *pro se* complaint, this Court is not required to develop tangential

5

claims from scant assertions in the complaint. See Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). The complaint fails to state a claim on which relief may be granted under § 1983, and should be dismissed without prejudice to allow Plaintiff to re-file the action in compliance with the Federal Rules of Civil Procedure.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. **The plaintiff's attention is directed to the important notice on the next page.**

Respectfully Submitted,

George C. Kosko
United States Magistrate Judge

April          , 2006
Charleston, South Carolina

6

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten **(10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 835**
**Charleston, South Carolina 29402**